UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
BRIAN MARTINEZ,                                   :
                                                  :
                Petitioner,              :
                                                  :
       - against -                          :       9:06-CV-0887 (DNH)(RFT)
                                                  :
SUSAN O'CONNELL, Superintendent,                  :
                                                  :
                Respondent.              :
------------------------------------------------------------------ x


**RESPONDENT'S MEMORANDUM OF LAW IN SUPPORT
OF THE MOTION FOR A MORE DEFINITE STATEMENT
OF CLAIMS**


                                                ELIOT SPITZER
                                                Attorney General of the
                                                   State of New York
                                                <u>Attorney for Respondent</u>
                                                120 Broadway
                                                New York, New York 10271
                                                Lisa.Fleischmann@oag.state.ny.us
                                                (212) 416-8802


LUKE MARTLAND
LISA FLEISCHMANN
      Assistant Attorneys General
      <u>of Counsel</u>

October 16, 2006

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      POINT I

      BECAUSE IT IS DIFFICULT TO DISCERN WHICH CLAIMS
      PETITIONER PLEADS IN SUPPORT OF HIS PETITION FOR A WRIT
      OF HABEAS CORPUS, PETITIONER SHOULD BE REQUIRED TO SET
      FORTH A MORE DEFINITE STATEMENT OF HIS CLAIMS   . . . . . . . . . . . . . . . . . . 2

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
BRIAN MARTINEZ,                                : MEMORANDUM OF LAW IN
                                               :
                                               : SUPPORT OF THE MOTION FOR
            Petitioner,                        : A MORE DEFINITE STATEMENT
                                               : OF THE CLAIMS
      -against-                                :
                                               : 9:06-CV-0887 (DNH)(RFT)
SUSAN O'CONNELL, Superintendent,               :
                                               :
            Respondent.                        :
---------------------------------------------------------------- x

**PRELIMINARY STATEMENT**

Respondent respectfully submits this memorandum of law in support of respondent's motion for a more definite statement of the claims, pursuant to Fed R. Civ. P. 12(e), or, alternatively, a 60-day extension of time within which to respond to the petition. Petitioner has filed a habeas petition to challenge his January 21, 1999 conviction of Kidnapping in the Second Degree (New York Penal Law (hereafter, "Penal Law") § 135.20), Assault in the Second Degree (Penal Law § 120.05(6)), Reckless Endangerment in the First Degree (Penal Law § 120.25) and Criminal Possession of a Weapon in the Fourth Degree (Penal Law § 265.01(2)). He received an aggregate, indeterminate sentence of from 12 ½ to 25 years imprisonment.

Petitioner filed the instant petition on or about July 13, 2006. While he attached a detailed affidavit to his petition, because the affidavit sets forth the post-conviction proceedings rather than stating outright the grounds raised in this Court, it is unclear as to what claims he raises in the petition. Accordingly, respondent asks this Court to issue an order pursuant to Fed. R. Civ. P. 12(e), requiring petitioner to plead the grounds of his petition in more definite terms. Should the Court deny the motion, respondent respectfully asks this Court to grant a 60-day extension of time in order to respond to the petition.

**ARGUMENT**

**POINT**

**BECAUSE IT IS DIFFICULT TO DISCERN WHICH CLAIMS PETITIONER PLEADS IN SUPPORT OF HIS PETITION FOR A WRIT OF HABEAS CORPUS, PETITIONER SHOULD BE REQUIRED TO SET FORTH A MORE DEFINITE STATEMENT OF HIS CLAIMS**

In his petition, petitioner left the "Grounds" portion blank. Instead, he attached a lengthy affidavit to his petition, in which he outlined his post-conviction history and listed all claims raised in his post-conviction applications. He also contends that he is actually innocent of his crimes. Respondent seeks an order pursuant to Fed. R. Civ. P. 12(e) because it is unclear if petitioner intends to raise each and every ground raised in each of his post-conviction applications, or if he affirmatively intends to argue "actual innocence." Notably, many of the post-conviction claims are not subject to habeas review, and it appears that no actual innocence claim was exhausted in the state courts. Accordingly, respondent asks that this Court order petitioner to more definitively identify his habeas claims. And, should this Court decline to issue an order pursuant to Fed. R. Civ. P. 12(e), respondent asks that the Court grant a 60-day extension of time from the denial of the motion within which to respond to the petition.

A respondent may move for a more definite statement under Fed. R. Civ. P. 12(e) before responding to a pleading which fails to specify the allegations in a manner that provides sufficient notice. Sweirkiewcz v. Sorema, N.A., 534 U.S. 506, 514 (2002). See Pelman v. McDonald's Corp., 396 F.3d 508, 512 (2d Cir. 2005). While it is true that pro se pleadings must be read more liberally than counsel-drafted pleadings, this rule does not preclude a respondent from moving for a more definite statement of the pleadings. Phillips v. Girdich, 408 F.3d 124,

127-29 (2d Cir. 2005).

Petitioner lists the grounds raised in each post-conviction application, but respondent does not reasonably believe that petitioner intends to raise each of these claims on habeas review. Many of the claims are not cognizable on habeas review. For example, petitioner raised a number of Fourth Amendment claims (Petitioner's Affidavit, ¶¶ 11, 12, 16(A), 21), but any such claim would be barred from habeas review under the doctrine of Stone v. Powell, 428 U.S. 465 (1976). Additionally, petitioner's excessive sentence claim (Petitioner's Affidavit, ¶ 11) presents no federal constitutional issue where, as here, the sentence is within the state statutory range. Figueroa v. Keane, 2005 U.S. Dist. LEXIS 1465, *44 (S.D.N.Y. Feb. 3, 2005).[1] Petitioner also raised a number of state procedural claims which would not be subject to federal habeas review. He claimed that the state court erred in not ordering a hearing on petitioner's motion for a state writ of habeas corpus (Petitioner's Affidavit, ¶¶ 35-38). However, this type of claim would provide no relief on habeas review as the claim is not of federal constitutional magnitude.

Petitioner claims that he is actually innocent (Petitioner's Affidavit, ¶¶ 57-65). However, to succeed on a claim of actual innocence, he must support his claim with "new reliable evidence . . . that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 321 (1995). Moreover, he is required to exhaust his actual innocence claim in the state courts, see Hooks v. Greene, 2005 U.S. Dist. LEXIS 20295, *12-13 (S.D.N.Y. Sept. 16, 2005), and he must demonstrate, pursuant to 28 U.S.C. § 2254(e)(2), that the new evidence is based on a factual predicate that could not have previously been discovered from the exercise of due diligence and that the facts would

---

[1] Copies of cases having only LEXIS citation will be provided to petitioner.

establish, by clear and convincing evidence, that but for constitutional error, no reasonable jury would have found petitioner guilty.  Bradshaw v. Richey, ___ U.S. ___, 126 S. Ct. 602, 605 (2005).  Yet from a review of petitioner's affidavit, it appears that he did not exhaust his claims in state court and that he also cannot meet the requisites of 28 U.S.C. § 2254(e)(2).

While petitioner does ask this Court, in ¶ 66(A) of his affidavit, to grant a hearing to determine whether petitioner's conviction is unconstitutional pursuant to a summary of the post-conviction grounds presented in the affidavit, petitioner should be required to spell out each ground rather than cause respondent to speculate as to what he might mean by, for example, "Police Corruption."  Crystallization of the grounds would also conserve this Court's, as well as the state's, resources.  Respondent therefore asks that this Court issue an order pursuant to Fed. R. Civ. P. 12(e) requiring petitioner to more definitively state his claims.

Lastly, if this Court denies respondent's request pursuant to Fed. R. Civ. P. 12(e), respondent asks for a 60-day extension to respond to the petition allegations.  The grounds, insofar as they are construed as post-conviction claims, are lengthy and multi-faceted.  Many grounds will be subject to procedural arguments, and almost all will require discussion on the merits.  For these reasons, an extension of time would be greatly appreciated.

**CONCLUSION**

For the reasons set forth above, respondent respectfully requests that this Court issue an order, pursuant to Fed. R. Civ. P. 12(e), for a more definite statement of the claims, or, alternatively, if the motion is denied, a 60-day extension of time from the date this motion is decided within which to respond to the petition, and that this Court grant such other and further relief as this Court may deem just and proper.

                                                            Respectfully submitted,

                                                            ELIOT SPITZER
                                                            Attorney General of the
                                                            State of New York
                                                            120 Broadway
                                                            New York, New York 10271

                                    By:    _s/_Lisa Fleischmann_____
                                                            Lisa Fleischmann, Bar Roll # 513613
                                                           Assistant Attorney General
                                                           Lisa.Fleischmann@oag.state.ny.us
                                                           (212) 416-8802

LUKE MARTLAND
LISA FLEISCHMANN
       Assistant Attorneys General
       <u>Of Counsel</u>


Date completed: October 16, 2006