**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

BRIAN MARTINEZ,

                                        Petitioner,

        - v -                                                    9:06-CV-0887
                                                                 (DNH)(RFT)

SUSAN O'CONNELL, Superintendent,

                                        Respondent.


**APPEARANCES:**                         **OF COUNSEL:**

BRIAN MARTINEZ
Petitioner, *pro se*
99-B-0537
Oneida Correctional Facility
6100 School Road
Rome, New York 13340

HON. ANDREW M. CUOMO                     LISA FLEISCHMANN, ESQ.
Attorney General of the State of New York    Assistant Attorney General
Attorney for Respondent
New York Office
120 Broadway
New York, New York 10271

**RANDOLPH F. TREECE, U.S. MAGISTRATE JUDGE**

**ORDER**

        Presently before this Court for consideration is Respondent's Motion for a More Definite

Statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.[1]  Dkt. No. 3.  Petitioner

has opposed the Motion. Dkt. No. 5.

        This is a *habeas* proceeding brought pursuant to 28 U.S.C. §2254.  The Petition was filed on

July 20, 2006, and ordered served on October 5, 2006.  Dkt. Nos. 1, Pet. & 2, Order.  On October

_____

        [1] Rule 11 of the Rules Governing Habeas Proceedings provides that the Federal Rules of Civil Procedure may
be applied to *habeas* petitions "to the extent that are not inconsistent with these rules."

16, 2006, Respondent filed this Motion.  By her Motion, Respondent notes that Petitioner has set forth the procedural history of his case in considerable detail, including the claims presented to the state courts.  However, Petitioner does not set forth a statement of the grounds he seeks this Court to adjudicate, nor the facts in support of each such ground.  In addition, Respondent notes that Petitioner appears to be asserting a claim for actual innocence, but does not set forth the factual basis for that claim, nor did he include a statement of whether the purported new evidence has been presented to the state courts for adjudication.  *See* Dkt. No. 3.

Petitioner asserts that he "intends to raise each and every claim as fully stated and raised in the state court proceedings" and he is claiming "'actual innocence' from each and very (*sic*) crime and conviction . . . ." Dkt. No. 5.

Federal Rule of Civil Procedure 12(e) provides, "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."  Motions for a more definite statement are generally disfavored by the courts because of their dilatory effect.  *In re European Rail Pass Antitrust Litig.*, 166 F. Supp. 2d 836, 844 (S.D.N.Y. 2001) (citations omitted); *accord Caraveo v. Nielsen Media Research, Inc.*, 2002 WL 530993, at *2 (S.D.N.Y. Apr. 8, 2002); *777388 Ontario Ltd. v. Lencore Acoustics Corp.*, 105 F. Supp. 2d 56, 65 (E.D.N.Y. 2000).  However, the Second Circuit has also acknowledged that a motion for a more definite statement is an appropriate mechanism to balance the Circuit's direction regarding the liberal reading of *pro se* pleadings and the needs of a respondent to address the merits of a claim.  *See Phillips v. Girdich*, 408 F.3d 124, 128-29 (2d Cir. 2005).

Rule 2 of the Rules Governing Habeas Corpus Proceedings provides:

*-2-*

(c) Form.  The petition must:
      (1) specify all the grounds for relief available to the petitioner;
      (2) state the facts supporting each ground;
      (3) state the relief requested;
      (4) be printed, typewritten, or legibly handwritten, and
      (5) signed under penalty of perjury by the petitioner . . . .

A review of the Petition in this action reveals that Petitioner has not fully complied with this Rule. While Petitioner has listed all of the grounds asserted in his state court proceedings, and has now advised the Respondent in his response to this Motion that he intends to raise all of the grounds herein, he has not set forth the facts in support of each ground in the Petition. It is not the responsibility of the Court nor the Respondent to sort through the state court records and speculate on the facts Petitioner asserts in support of each ground.  Rather, that information must be set forth in the Petition.

In addition, there is no evidence of dilatory tactics in this case.  In her Affirmation, counsel states that her office received the Court's October Order on October 11, 2006, she was assigned to the case on Friday, October 13, 2006, and she filed this Motion on Monday, October 16, 2006.  Dkt. No. 3, ¶ 5.

Finally, Petitioner has now made it clear that he is attempting to assert a claim based upon his actual innocence.  For a petitioner to establish that he is actually innocent of a crime, he must "demonstrate that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'"  *Dixon v. Miller*, 293 F.3d 74, 81 (2d Cir. 2002) (internal quotation marks and citations omitted); *see also Boddie v. Edwards*, 2005 WL 914381, at *4 (S.D.N.Y. Apr. 20, 2005) (*citing Dixon* ); *Thomas v. Walsh*, 2004 WL 2153928, at *2 (S.D.N.Y. Sept. 24, 2004), adopted, 2005 WL 1621341 (S.D.N.Y. July 12, 2005).  Claims of actual innocence in this context must be supported by "new reliable evidence – whether it be exculpatory scientific evidence,

trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.'"
*Soto v. Walker*, 2005 WL 2260340, at *2 (N.D.N.Y. Sept. 15, 2005) (citations omitted).

A petitioner whose claim is based upon newly discovered evidence has the burden of showing that such evidence could not have been discovered earlier with due diligence. *United States v. White*, 972 F.2d 16, 20 (2d Cir. 1992); *United States v. Hedman*, 655 F.2d 813, 815 (7th Cir. 1981). "Newly discovered evidence is, by definition, incapable of discovery through counsel's due diligence before or during trial." *Hector v. Greiner*, 2000 WL 1240010, at *1 (E.D.N.Y. Aug. 29, 2000) (citing *United States v. Middlemiss*, 217 F.3d 112, 122 (2d Cir.2000)). "Evidence in existence at an earlier date, though perhaps unknown to a petitioner, cannot later be described as newly discovered." *Hector v. Greiner*, 2000 WL 1240010, at *1 (citing *United States v. Jacobs*, 475 F.2d 270, 286 n. 33 (2d Cir. 1973)). Thus, in his amended petition, Petitioner must also set forth the facts relating to the discovery of the new evidence, how and when the new evidence was discovered, and the actions Petitioner has taken since that discovery to challenge the convictions addressed herein.

Accordingly, Respondent's Motion will be **granted**, and Petitioner will be directed to file an amended Petition within thirty (30) days from the filing date of this Order.  Any such Petition must comply with Rule 2, and the terms of this Order, as discussed above.[2]

WHEREFORE, it is hereby

ORDERED, that Respondent's Motion for a More Definite Statement (Dkt. No. 3) is **granted**; and it is further

---

[2] Petitioner is advised that it is not necessary for him to annex papers from the state court proceedings to his Petition.  Rather, it is the obligation of the Respondent to file the entire state court record with the Court when the Respondent's answer to the Petition is filed.

ORDERED, that Petitioner shall file an amended Petition with the Court within **thirty (30) days** from the filing date of this Order, and serve same on Respondent's counsel; and it is further

ORDERED, that upon Petitioner's filing of the amended Petition, this matter be returned to the Court for further review and Order.  Respondent will not be required to file a Response to the Petition until ordered to do so by the Court; and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

IT IS SO ORDERED.

Date:   January 22, 2007
        Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge