UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------

BRIAN MARTINEZ,

                        Petitioner,

     - vs -                                           9:06-CV-0887

SUSAN O'CONNELL, Superintendent,

                        Respondent.

-----------------------------------------------------------

APPEARANCES:                           OF COUNSEL:

BRIAN MARTINEZ
Petitioner, *pro se*
99-B-0537

HON. ANDREW M. CUOMO             LISA FLEISCHMANN, ESQ.
Office of the Attorney General
120 Broadway
New York, NY 10271

DAVID N. HURD
United States District Judge

## O R D E R

    Presently before this Court is an objection filed by Brian Martinez with respect to Magistrate Judge Treece, and apparently, the authority of all magistrate judges to address his Petition.  Dkt. No. 18.

**I. Background.**

    This action was filed on July 20, 2006.  After the petition was served, respondent filed a Motion for a More Definite Statement.  Dkt. No. 3.  The motion was granted by Order dated January 22, 2007.  Dkt. No. 6. In that Order, the Court set forth the requirements of Rule 2 of the Rules Governing Habeas Corpus Proceedings and explained that:

> . . . Petitioner has set forth the procedural history of his case in considerable detail, including the claims presented to the state courts. However, Petitioner does not set forth a statement of the grounds he seeks this Court to adjudicate, nor the facts in support of each such ground. *Id.*

On July 12, 2007, petitioner filed his amended petition. After review of that petition, Magistrate Judge Treece found that petitioner:

> . . . has once again set forth the entire history of his case, including every factual and legal argument raised in each proceeding he has been a party to, and the reason he believes that each Court was in error. The document filed as the Amended Petition is more of a Memorandum of Law than a Petition. Most significant is the fact that Petitioner never states what legal claims he seeks this Court to adjudicate.
>
> Accordingly, Petitioner will be directed to file a written statement simply listing the grounds he seeks this Court to adjudicate, without argument as to any of the grounds. Dkt. No. 17.

Judge Treece noted that "[i]f Petitioner complies with this Order, and files a listing of the grounds he seeks to raise herein, such a statement in combination with the Amended Petition should provide the Respondent with sufficient notice of the claims Petitioner seeks to put before this Court." *Id.*

## II. **Petitioner's Objections.**

Petitioner has now filed an objection to the Magistrate Judge's authority, stating: "All things considered, Mr. Martinez objects to any Magistrate Judge presiding over this matter. . . . As this court is aware, Mr. Martinez did not send back a signed form pursuant to 28 U.S.C. §636(c) and Rule 73 of the Federal Rules of Civil Procedure." Dkt. No. 18. Petitioner asks that his petition "be assigned and delivered accordingly, to the first available United States District Court Judge for the Northen District of New York . . ." *Id.*

Petitioner appears to have failed to realize that there is a District Judge assigned to this case - David N. Hurd. Petitioner was notified of this fact when his petition was filed, and should read more carefully any correspondence received from the Clerk or this Court. Such assignment was done on a random basis at the time the case was filed. *See* General Order 12.

Pursuant to Local Rule 72.3(c) and in accordance with 28 U.S.C. §636(b), habeas petitions are referred to the assigned Magistrate Judge for review, and for purposes of handling all ***nondispositive*** matters. That standing referral occurs with every habeas petition filed in this District.

Contrary to petitioner's assertion, the consent of the parties, pursuant to 28 U.S.C. §636(c), is only required to permit a Magistrate Judge to decide dispostive matters.[1] No dispostive matter has yet been presented in this case.

Accordingly, petitioner will be afforded an additional thirty days to comply with the August 17, 2007 Order of Magistrate Judge Treece. Petitioner's failure to comply with this Order may result in dismissal of his petition.

THEREFORE, it is

---

[1] Petitioner is also advised that once respondent is served with a proper petition and has filed a response, any further motions will be addressed by the assigned Magistrate Judge. Further, the assigned Magistrate Judge will first issue a decision on the merits of the petition with a Report and Recommendation which will then be considered by the assigned District Judge. Both parties will be permitted a period of time to file objections before the District Judge issues the final dispositive order on any pending petition.

3

ORDERED, that

1. Petitioner's objection (Dkt. No. 18) is DENIED for the reasons set forth above;

2. Petitioner shall comply with the August 17, 2007 Order of Magistrate Judge Treece and file with the Court, within **thirty (30) days** from the filing date of this Order, a written statement listing the legal grounds he seeks this Court to adjudicate;

3. Upon petitioner's compliance with this Order, this matter shall be returned to the assigned Magistrate Judge for further review and Order;

4. Should petitioner fail to comply with this Order, this action shall be dismissed without further order of this Court; and

5. The Clerk is directed to serve a copy of this Order on the parties in accordance with the Local Rules.

IT IS SO ORDERED.

_____
United States District Judge

Dated:   September 20, 2007
         Utica, New York.